**OCEAN ELECTRIC CORPORATION,**
**Appellant,**

v.

**Melvin R. LAIRD, Secretary of**
**Defense, et al.**

**No. 71–1778.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 17, 1972.

Messrs. Perry S. Patterson and Thomas B. Carr, Washington, D. C., were on the brief for appellant.

Mr. Harold H. Titus, Jr., U. S. Atty., with whom Messrs. John A. Terry, Robert D. Zsalman, and Mrs. Ellen Lee Park, Asst. U. S. Attys., were on the brief for appellees.

Before FAHY, Senior Circuit Judge, and McGOWAN and ROBB,* Circuit Judges.

PER CURIAM:

The United States Navy issued an invitation for bids for a construction project at the Naval Air Station in Norfolk.[1] The invitation contained the following:

ONLY BIDS RECEIVED FROM CONTRACTORS HAVING ACTIVE FACILITIES SECURITY CLEARANCE OF CONFIDENTIAL OR HIGHER WILL BE CONSIDERED.

The Joseph E. Floyd Corporation was the lowest bidder. Appellant, Ocean Electric Corporation, had also bid for the work, in an amount substantially higher than the Floyd Corporation bid.[2] Upon learning that the Navy intended to award the contract to still another corporation appellant protested to the Comptroller General on the ground that the intended awardee was not an eligible bidder since it did not have active facilities security clearance the day the bids were opened, June 22, 1971. The Navy withheld the award pending the decision of the Comptroller General. He ruled that such security clearance was not a necessary condition to the consideration of the bids and that he would have no objection to an award to the lowest bidder if it obtained the necessary clearance prior to

---

* Circuit Judge Robb did not participate in the consideration or decision of the case.

1. The project may be described as one to modify and improve existing air conditioning and heating systems, improve the electrical lighting and power systems, replace plumbing fixtures and toilet partitions, and incidentally related work.

2. The Floyd Corporation bid was $675,346; appellant's bid was $809,074.

the performance of the contract.[3] The Navy accepted the decision of the Comptroller General and on or about October 8, 1971 awarded the contract to the Floyd Corporation.

In the meantime, on September 16, 1971, appellant brought suit in the District Court to enjoin such award and for a declaratory judgment, *inter alia,* that Floyd Corporation was an ineligible bidder and that award of the contract to it would be arbitrary, capricious and in violation of the terms of the "Invitation for Bids" and security regulations, because of the failure of the corporation to meet the requirement in the Invitation for Bids that only the bids of contractors having active facilities "security clearance of confidential or higher" would be considered. On application, the District Court granted a temporary restraining order but thereafter, on September 28, 1971, denied a preliminary injunction and granted the motion of defendants appellees, for summary judgment. This court denied an injunction pending appeal, and the case is now before us for final decision on the merits, having been submitted on the briefs and record without oral argument.

We affirm, being of the opinion that the interpretation by the Comptroller General, adopted by the Navy, of the terms of the security clearance requirement, was reasonable, and, therefore, should not be disturbed by the courts. M. Steinthal & Co. v. Seamans, 147 U.S.App.D.C. 221, 455 F.2d 1289, 1299, et seq. (1971); Wheelabrator Corp. v. Chafee, et al., 147 U.S.App. D.C. 238, 455 F.2d 1306, 1316, et seq. (1971). It is worth noting also that the Navy did not consider it necessary that this project, described in footnote 1, *supra,* required the security clearance to be obtained by the contractors during their preparation of their bids, deeming it essential only prior to the performance of

the work itself. Moreover, the situation is not like that of an agency failing to comply with its own regulation promulgated for the protection of another, the violation of which by the agency disadvantages the other, such as the situation presented in Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). Here it cannot be said that appellant suffered any significant injury by the lack of Floyd Corporation's security clearance when the bids were opened. Moreover, the decision of the Comptroller General which was adopted by the Navy independently affords such a rational basis for the award of the contract to the lowest bidder, whose clearance was in hand when performance was to begin, as to stay judicial interference. The Comptroller General held in part:

> The express purpose of prescribing that contractors possess the designated security clearances was to permit access by the contractor's employees to the classified areas where the work was to be performed. Therefore, in view of the fact that the IFB [Invitation for Bids] did not necessarily preclude consideration of a prospective contractor, prior to performing work in classified areas, who did not hold a requisite clearance at bid opening, we find that such a requirement constituted an aspect of the bidder's responsibility. See B–161211, July 11, 1967, and cases cited therein; and B–167536, October 17, 1969. In this regard, we quote from B–161211, *supra,* which discusses the legal ramifications where, as here, a security clearance requirement constitutes a matter of responsibility:
>
> > "It is our view that the quoted provision required that the *contractor,* not the bidder, possess a facility clearance *prior to performing work in specified areas* and constituted a requirement regarding the bidder's responsibility as a prospective

---

3. B–173489, —— Comp.Gen. —— (September 15, 1971). This interpretation of the requirement has been the position of the

Comptroller General for several years. See cases cited in B–173489, *supra.*

contractor. Such a requirement was not a condition precedent to submission of a bid, and proof or evidence of such qualification could be furnished at any time prior to performance of work under the contract. . . . " (Emphasis in original.)

B–173489, *supra*.

Affirmed.